James J. Michalek, Esq. Lackawanna Municipal Housing Authority
You have asked whether Public Housing Law § 30 (4), which provides that not more than one member of a Public Housing Authority may be an official or employee of the municipality at any one time, applies to the tenant members of a Public Housing Authority who are elected by residents of the Authority's housing pursuant to Public Housing Law § 30 (5).
You have indicated that three members of the Lackawanna Municipal Housing Authority are employees of the City of Lackawanna: Mr. __________, who was a City employee at the time he was elected by residents of the Authority's housing; Mr. __________, who became a City employee shortly after he was appointed to the Authority, and Mr. ____________, who was the last to be appointed, and was a City employee at the time he wasappointed.
Section 30 (4) provides in pertinent part:
 "Not more than one member of an authority may be an official or an employee of the municipality at any one time."
Subsequent to the enactment of section 30 (4), the Legislature added section 30 (5). Section 30 (5) as amended, provides in pertinent part:
 "Notwithstanding any other provision of law, each authority having supervision over one hundred or more occupied dwelling units and not located in a city having a population of more than one million shall include as members two tenants elected by the residents of the authority's housing for terms of two years each. Each authority coming within the provisions of this subdivision shall * * * adopt by-laws specifying the time and manner of the election of the tenant representatives * * *. Upon the taking of office of the two elected tenant members, the size of the authority shall be increased by two members * * *."
We are of the opinion that tenants who are elected to the Authority pursuant to section 30 (5) are not subject to the restriction in section 30 (4). Section 30 (5) was enacted after section 30 (4) and applies "notwithstanding any other provision of law". Moreover, tenant members of the Authority are elected by the residents instead of being appointed by the town board or the mayor of a city or village (compare § 30 [2] with § 30 [5]). Therefore, there is no danger that the chief official(s) of the municipality will be able to control the tenant members by assuring that only employees who are sympathetic to the municipality's views are appointed. The election process should insure that the tenant members will represent the views of the residents regardless of whether they are also municipal employees.
Therefore, it is irrelevant that one of the tenant members of the Authority is also a city employee.
However, since two of the appointed members of the Authority are city employees, the appointment latest in time was void from the beginning (see 1975 Op Atty Gen 314).
We conclude that section 30 (4) does not apply to the elected tenant members of a Public Housing Authority. However, only one of theappointed members of an Authority may be a municipal official or employee. Since two of the appointed members of the Lackawanna Public Housing Authority are city employees the appointment latest in time was void from the beginning and a new member must be appointed.